## NEIL COLE *v.* THE STATE.

1. INFORMATIONS — VARIANCE.— The particularity requisite in an information is not necessary in the affidavit on which it is founded, nor are discrepancies between them of any consequence provided there is accordance in substance. They should agree as to the time and venue of the offense and the names of the defendant and the injured party, and there should be substantial conformity in their allegations descriptive of the offense.

2. SAME.— An information for aggravated assault and battery was founded on an affidavit which, after charging an aggravated assault, alleged specific acts of personal violence. *Held,* that there is no variance between the information and the affidavit.

3. PRACTICE.— At a trial for a misdemeanor the evidence was admitted
and the argument to the jury progressing when it was discovered
that the information had not been read and that no plea had been
made by or entered for the defendant. Over objections by the de-
fense, the trial court allowed the prosecuting counsel to read the
information to the jury, and caused the plea of not guilty to be
entered for the defendant, who refused to plead; and thereupon
the argument was resumed and the trial concluded with the con-
viction of the defendant, who duly reserved exceptions. The trial
judge accounts for his rulings on the ground that his attention had
not been called to the irregularities complained of, and that the de-
fense made no objection to the evidence when it was introduced.
But *held* that the trial was conducted with such disregard of statu-
tory requirements that, whether the defendant suffered prejudice or
not, the conviction cannot stand.
4. SAME — PLEA.— Without a plea made by or entered for the defend-
ant, there is no issue and can be no legal trial. Except in capital
cases, the proper time to require the defendant to plead is when the
case is called for trial and the parties announce ready, or a contin-
uance has been asked and refused; and if the defendant, when
called on to plead, refuses to do so or stands mute, the court should
then cause the plea of not guilty to be entered for him.

APPEAL from the County Court of Kaufman. Tried
below before the Hon. W. CHARLTON, County Judge.

The opinion contains everything relevant to the rulings.
The jury found the appellant guilty of aggravated as-
sault and battery, and assessed his punishment at a fine
of $25.

*Smith & Word*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. The affidavit upon which the informa-
tion is based charges the defendant with committing an
aggravated assault upon Lucy Price, "by striking, beat-
ing and bruising her the said Lucy Price," and states that
Lucy Price was then and there a female, and the defend-
ant an adult male. The information charges that the
defendant, at a stated time and place, "did unlawfully

make an aggravated assault and battery in and upon the person of Lucy Price, the said Neil Cole being then and there an adult male person, and did then and there strike, beat and bruise the said Lucy Price, who was then and there a female, with intent then and there to injure her."

Two objections are raised against the sufficiency of the information by the defendant's motion to quash: 1, that the information is not supported by the affidavit upon which it purports to be founded; and 2, that the information charges an aggravated assault and battery, while the affidavit charges only an aggravated assault.

We are of opinion these objections are not tenable. The affidavit charges an aggravated assault *eo nomine,* and sets out the circumstances constituting the battery, which in our opinion is all the particularity the law requires to be shown in an affidavit upon which to base an information. We are not aware of any rule of law which requires the same particularity in preparing an affidavit for an information which is required of the criminal pleader in preparing an information based upon the affidavit. The demands of the law seem to be met when there is a substantial agreement between the affidavit and the information in matters of substance. They must agree as to the time and place of the commission of the offense, as well as to the names of the alleged wrongdoer and the injured party, and there must also be a substantial agreement as to the description of the offense intended to be charged; but we are not aware of any rule of law which requires any particularity as to the forms of expression required in the affidavit in setting out the substantial portions.

In the present case it is not claimed that there is any material variance between the affidavit and the information except that, as stated in the motion to quash, it is contended that the information charges an aggravated assault and battery, whilst the affidavit only charges an aggra-

vated assault.   As we have seen, the affidavit charges in terms the commission of an aggravated assault, and sets out in connection therewith the circumstances of the assault which constitute the battery,— thus, by *striking, beating,* etc.,— and that the injured person was a female and the assaulting party an adult male.   The affidavit charges an aggravated assault, and sets out the circumstances which render the offense an aggravated assault and battery, agreeably to article 495, Penal Code.   In our opinion the affidavit forms a sufficient support for the information for an aggravated assault and battery committed by an adult male on the person of a female, and the court did not err in overruling the motion to quash. Code Crim. Proc. art. 236; *Smith* v. *State,* 9 Texas Ct. App. 315.

We gather from bills of exception that some time after the trial of the case had commenced, and after the witnesses for both the State and the defendant had been examined, and the county attorney had commenced his opening argument, the court became aware of the facts that the information had not been read on the trial, and that the defendant had not been called on to plead.   At this stage of the trial the court, over objection by the defendant, required the information to be read and the plea of "not guilty" to be entered for the defendant.   The bill of exceptions states that after the plea was entered "no further evidence was heard for either the State or the defendant, and that the case was required by the court to be submitted to the jury on the evidence which had been heard prior to the entering of said plea of not guilty;" to all which the defendant objected.   The bill of exceptions sets out the fact that when the case was called for trial the defendant was not required to plead, by himself or his counsel, whether or not he was guilty of the charge against him, and that when the cause was called for trial the information was not read or presented to the

jury, and the defendant was not required to plead. The judge explains his action by stating, in giving bill of exception No. 1, that the evidence had been introduced without objection, and in giving bill No. 2, that the court's attention was not called to the omission of the reading of the information before it was read as shown by the bill of exceptions.

It is contended by the Assistant Attorney General, on behalf of the State, that the supposed errors complained of by the defendant amount only to errors in practice, and that it is not indispensable in practice that the information should have been presented or read at any particular stage of the trial, or that when the defendant was called on to plead and declined to do so it was competent for the court to cause the plea of not guilty to be entered for him when it was done as shown by the bills of exception, and that the defendant had whatever benefit the law conferred upon him, and it does not appear that he has been injured by the course pursued at the trial; that the information having been read and the plea entered, though not done at the commencement of the trial, nothing is shown to have resulted to the defendant's injury, and that he ought not now to be heard to complain.

In our opinion the cases cited do not fully sustain the position contended for. In Smith's case, 1 Texas Ct. App. 408, this court said, citing *Early* v. *State*, Id. 248, that an arraignment is a necessary preliminary to the trial in a capital felony, and it was further held that, it appearing in Smith's case that he had been arraigned at an improper time, and because the record showed an arraignment but at an improper time, we would not reverse the judgment on that account; the fact being that the record showed an arraignment before the trial proper had commenced, whilst in the present case the testimony had all been heard and the argument had commenced. We fail to perceive such analogy between the two cases as that the ruling in the one would be applicable to the other.

We are of opinion that in the present case the rules of law have not been observed, and that it would be an unwise and dangerous practice to permit the trial courts to proceed in this irregular way, even in a misdemeanor case and even though no special injury is shown to have resulted to the appellant. The rules of practice are plainly laid down in the written law. Those rules should be observed rather than something else be substituted in their stead. A trial without a plea is not a trial, and this court has uniformly reversed a conviction upon such a trial, and if the defendant refuses to plead at the proper time, the plea of not guilty must *then* be interposed for him. *Hunt* v. *State*, 9 Texas Ct. App. 570. The proper time for the defendant to plead in all cases less than capital is indicated in article 603 of the Code of Procedure as being when the case is called for trial, and when the case is called for trial he is required to plead before the trial proceeds any further. The article is as follows: " In all cases less than capital the defendant is required, when his case is called for trial, before it proceeds further to plead by himself or his counsel whether or not he is guilty." And " By the term 'called for trial' is meant the stage of the case when both parties have announced that they are ready, or when a continuance having been applied for has been denied." Code Crim. Proc. art. 604. The law further provides: " If the defendant answers that he is not guilty, the same shall be entered upon the minutes of the court; if he refuse to answer, the plea of not guilty shall in like manner be entered." Code Crim. Proc. art. 517.

In our opinion the proper course would have been to set aside all that portion of the proceedings which had not been had in compliance with the requirements of law, which in the present case would have required the commencement of the trial *de novo*.

Other questions presented need not be considered, for the reason that they are not likely to arise on another

trial.   For the reason that the present trial was not con-
ducted with a proper regard for the forms prescribed by
law, but in such a manner that the conviction ought not
to stand as a precedent, the judgment will be reversed,
and the cause remanded for a new trial in due form of
law.

*Reversed and remanded.*